## Morath Appeal

*Gerald S. Corso,* for appellant.

*Michael Minkin,* for Commonwealth.

WALSH, J., June 9, 1972.—This appeal is from the suspension of the operator's license of Kenneth M. Morath (appellant) by the Secretary of Transportation. After a de novo hearing, we make the following

### FINDINGS OF FACT

1. Appellant resides at 2072 Bristol Road, Warrington, Bucks County, Pa.

2. On February 4, 1972, appellant pleaded guilty to the charge of use of marihuana in the Court of Common Pleas of Montgomery County, Pa.

3. There is no evidence that the use of marihuana occurred while appellant was using a motor vehicle.

4. On April 3, 1972, the Commonwealth suspended appellant's motor vehicle operator's license "until sufficient proof of competency is established," pursuant to section 618 (a)(1) of The Vehicle Code of April 29, 1959, P. L. 58.

5. The appeal was filed April 3, 1972, and was made a supersedeas.

6. No evidence was offered at the hearing de novo before this court as to the facts pertaining to the charge and plea stated in finding number 2 herein.

## DISCUSSION

The applicable section of The Vehicle Code provides:

"§618 Suspension of licenses or operating privileges—

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

"(1) That such person is incompetent to operate a motor vehicle or tractor, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

The burden of proving incompetency or affliction described in the code is upon the Commonwealth. The record before us is devoid of any facts tending to meet that burden. It consists merely of the bare record of the guilty plea, and it is difficult for this court to comprehend how the secretary was able to make any finding relevant to competency without knowledge of the facts pertaining to the charge and plea. We hold that proof of the entry of the plea (without more) is insufficient to find appellant incompetent to operate a motor vehicle.

We concur with the reasoning of the Court of Common Pleas of Chester County in the case of Commonwealth v. Weiner, 42 D. & C. 2d 164 (1967), where it is stated, at pages 165-166:

"There is no evidence that he had ever been affected by the drug in any way or that he ever operated or attempted to operate a vehicle on the occasion of its admitted use. There are many types of drugs and

many types and degrees of effects, and there are many manners and means of violating the drug and cosmetic act with no relation whatever to the operation of automobiles. We do find and conclude that the bare entry of a plea of guilty to the use and illegal possession of a drug prohibited by law is not in and of itself sufficient evidence of 'incompetency' to operate a motor vehicle to warrant a suspension of the operating privilege. We do not say that in a given case from the transcribed record of a plea of guilty sufficient evidence may not be present. However, that is not the case before us."

### ORDER

And now, June 9, 1972, the within appeal from the suspension of the operator's license of Kenneth M. Morath is hereby sustained and the order of the Secretary of Transportation suspending the operator's privileges of appellant is vacated.